# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

                Plaintiff-Respondent,

v.                              **MEMORANDUM OF LAW & ORDER**
                              Criminal File No. 12-253(8) (MJD/JSM)

DEON DIMITRI McGHEE,

                Defendant-Petitioner.

Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff-Respondent.

Deon Dimitri McGhee, pro se.

## I.    INTRODUCTION

This matter is before the Court on Petitioner Deon Dimitri McGhee's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 471]

## II.    BACKGROUND

On October 15, 2012, an Indictment was filed in the District of Minnesota charging Deon Dimitri McGhee and ten co-defendants, in a drug conspiracy case.

[Docket No. 1]  Petitioner was indicted on Count 1, Conspiracy to Distribute one kilogram or more of heroin and Count 33, one substantive count.

On January 17, 2013, Petitioner Deon Dimitri McGhee pled guilty to a lesser included offense to Count 1 of the Indictment: Conspiracy to Distribute at Least 100 Grams but Less than 1 Kilogram of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.

The parties had no objections to the Guideline calculation contained in the PSI.  Accordingly, the Court determined that the applicable Guidelines were as follows:

| | |
|---|---|
| Total Offense Level: | 23 |
| Criminal Category: | V |
| Imprisonment Range: | 84 to 105 months |
| Supervised Release: | 4 to 5 years |
| Fine Range: | $10,000 to $5,000,000 |
| Special Assessment: | $100 |

On September 24, 2014, the Court sentenced Petitioner to sixty months in the Federal Bureau of Prisons, followed by four years of supervised release. [Docket No. 448]  Petitioner was sentenced pursuant to a written Plea Agreement [Docket No. 295]

Petitioner did not appeal.  Petitioner has now filed a Pro Se Motion to

Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  [Docket No.

471]

### A.    Petitioner's Stated Grounds for Relief

Petitioner lists three grounds for his habeas petition.  First, Petitioner

asserts that his attorney, Mr. Barry Voss, failed to assist his cooperation with the

Government, which deprived him of a timely proffer session and a potential

substantial assistance motion.  Second, Petitioner asserts that his attorney Kurt

Glaser, who was appointed to represent him when Mr. Barry Voss was

disbarred, failed to file a motion asking the Court to compel the Government to

file a substantial assistance motion.  Finally, Petitioner asserts that "the

accumulation of errors in this case violated Petitioner's rights as provided by the

United States Constitution."  (Docket No. 471, at 4.)

## III.   DISCUSSION

### A.    Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act
of Congress claiming the right to be released upon the ground that
the sentence was imposed in violation of the Constitution or laws of
the United States, or that the court was without jurisdiction to
impose such sentence, or that the sentence was in excess of the

3

maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant is actually

innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion,

"[u]nless the motion and the files of the case conclusively show that the prisoner

is entitled to no relief." 28 U.S.C. § 2255(b).

[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B.      Whether Petitioner Received Effective Assistance of Counsel

### 1.      Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Petitioner must establish both that her counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).  The burden is on Petitioner to establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."  Id. at 687.  The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice."  Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum.  Strickland, 466 U.S. at 689. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same

5

circumstances." <u>Chambers v. Armontrout</u>, 907 F.2d 825, 828 (8th Cir. 1990)

(citing <u>Strickland</u>, 466 U.S. at 687).

### 2.     Petitioner's Claim Against Mr. Barry Voss

Petitioner argues that he received ineffective assistance from his attorney,

Mr. Voss, because Mr. Voss was disbarred by the State of Minnesota, without

having fulfilled his commitment to arrange a proffer session with the

Government on petitioner's behalf.  Petitioner claims that he expressed his

willingness to provide assistance to the Government regarding information

about Andre Smith.  Petitioner asserts that he was unaware that Mr. Voss was

facing disbarment and that Mr. Voss failed to "secure a proffer session with the

Government," as he indicated he would.  Essentially, Petitioner argues that his

sentence would have been lower if his counsel had been effective.

However, Petitioner cannot meet the test provided in <u>Strickland</u> because

he failed to establish that his counsel's lack of performance to arrange a timely

proffer session prejudiced his defense.  Petitioner's claim is highly conjectural as

there is no certainty that if Mr. Voss arranged the proffer session, it would have

resulted in the filing of a substantial assistance motion by the Government.  It is

true that Petitioner ultimately "provided information that could have been useful

earlier on."  (Sentencing Tr., at 14-15.)  However, the Government is not required

to file a substantial assistance motion even if Petitioner provided substantial assistance.

Petitioner has not met the burden of establishing that "but for counsel's unprofessional errors, the result of the proceeding would have been different" because the Court already considered Mr. Voss's errors in formulating its sentence. Strickland, 466 U.S. at 694. The guideline range was 24 months above the statutory minimum and the Court had discretion to depart downward from the guideline range. Before the Court sentenced Petitioner, it noted that:

> It's hard for people to understand that the federal system is much different than the state system and that if a defendant does not have the appropriate counsel on a federal case early on, the chances of fair resolution of the case may not occur. And that's what happened in this case. You didn't even have the opportunity to present your information to the government and that puts you in the situation that you're in today.

(Sentencing Tr., Docket No. 479, at 1-8.) Due to this consideration, the Court departed downward from 84 months to 60 months, which is a substantial variance.

Thus, the question is whether, had Petitioner received the benefit of a proffer at the appropriate time, his sentence would have been any different from the sentence he was given. This seems unlikely, as there is no new information to be taken into consideration that would change Petitioners sentence. Therefore,

7

since Petitioner received the benefit he would have if he had provided

substantial assistance and since the Court already considered Mr. Voss's conduct

at sentencing, Petitioner is unable to show prejudice.

### 3.    Petitioner's Claim Against Mr. Kurt Glaser

Petitioner argues that he also received ineffective assistance from his

appointed defense counsel Mr. Glaser, because Mr. Glaser failed to file a motion

asking the Court to compel the Government to file a substantial assistance

motion.  Petitioner asserts that a proffer session was conducted eight months

after he agreed to cooperate with the Government, and that he provided truthful

answers.  The Government declined to file a substantial assistance motion at

sentencing, stating that Petitioner did not timely provide information as to

Andre Smith.

Petitioner asserts that at sentencing, Mr. Glaser argued for a forty-eight

month sentence, a departure below the mandatory minimum, but failed to file a

motion to compel the Government to file a substantial assistance Motion.

Petitioner also asserts that Mr. Glaser asked the Court to conduct a hearing to

determine if the substantial assistance motion was being withheld in bad faith.

Upon review of the record, these assertions made by Petitioner are factually

inaccurate and lack merit.

Petitioner cannot meet the test provided in <u>Strickland</u> because he has not established that his counsel's failure to file a motion asking the Court to compel the Government to file a substantial assistance motion prejudiced his defense. With respect to Petitioner's claim, Mr. Glaser had no basis to ask the Court to compel the Government to file a substantial assistance motion.  It is the Government's decision whether to file a substantial assistance motion, and a Court can review the Government's decision not to file the motion only if a defendant shows that the Government had an unconstitutional motive in refusing to file the motion.  <u>See</u> <u>United States v. McClure</u>, 338 F.3d 847, 850-51 (8th Cir. 2003).  Therefore, the Court may only have reviewed the refusal, but may not have compelled the Government to file the motion.

Further, this claim must fail because Petitioner has not shown and cannot show that the Government declined to file the motion "based upon any unconstitutional motive or for a reason not rationally related to a legitimate government interest."  (Gov't Resp., at 9).  The Government argues that if Mr. Glaser filed the motion, it would have been denied.  Accordingly, the Court concludes that Petitioner has failed to show that he was prejudiced by Mr.

Glaser's failure to file a motion asking the Court to compel the Government to file a substantial assistance motion.

### C.   Whether the Errors of Counsel in Total Were Prejudicial and Violated Petitioner's Rights as Provided by the United States Constitution

Petitioner argues that if the Court finds the errors of counsel were not prejudicial in themselves, the accumulation of errors in this case were prejudicial and violated his rights as provided by the United States Constitution.  However, Petitioner's claim must fail.  The Eighth Circuit has rejected the cumulative error doctrine and repeatedly recognized that "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test."  Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006) (citations omitted).

Accordingly, the Court concludes that the cumulative effect of Petitioner's alleged counsel errors is not a valid ground for awarding habeas relief.  In conclusion, the Court treated Petitioner as if he had provided substantial assistance, and he received a sentence far below the low-end of the guideline range and at the lowest possible sentence authorized by law.  Therefore, the Court Denies Petitioner's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 471]

### D.    Certification of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id.</u>  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1.    Petitioner Deon Dimitri McGhee's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 471] is **DENIED**.

2.    The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 12, 2014           <u>s/ Michael J. Davis</u>
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court