UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                               Criminal File No. 12-253 (MJD/JSM)

(8) DEON DIMITRI MCGHEE,

    Defendant.

Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

Kurt B. Glaser, Smith & Glaser, LLC, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant Deon Dimitri McGhee's Motion to Alter Judgment of Sentence. [Docket No. 533]

## II.    BACKGROUND

On October 15, 2012, an Indictment was filed in the District of Minnesota charging Defendant Deon Dimitri McGhee and ten co-defendants in a drug conspiracy case. [Docket No. 1] On January 23, 2013, Defendant pled guilty to a lesser included offense to Count 1 of the Indictment: Conspiracy to Distribute at

Least 100 Grams but Less than 1 Kilogram of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.

On September 24, 2014, the Court sentenced Defendant to sixty months in prison, followed by four years of supervised release. [Docket Nos. 448, 453] The federal sentence did not state that it was concurrent to any state sentence. Defendant did not file a direct appeal.

On March 12, 2014, Defendant filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Section 2255. [Docket No. 471] On August 13, 2014, the Court denied the motion. [Docket No. 485] Defendant did not appeal the denial.

On July 9, 2015, Defendant filed the instant motion for relief pursuant to 28 U.S.C. § 2255 and alternatively pursuant to 28 U.S.C. § 2241, on the grounds that his sentence should be modified to run his state and federal sentences concurrently and that the Bureau of Prisons has improperly denied him credit for time spent in jail serving a state sentence. [Docket No. 533]

III.   DISCUSSION

    A.   **Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Section 2255(h) provides that a petitioner must obtain certification from the appropriate court of appeals before filing a second or successive motion. Defendant filed a previous § 2255 petition on March 12, 2014 [Docket No. 471]; that petition was denied by the Court on August 13, 2014 [Docket No. 485]. Thus, Defendant must obtain authorization from the Eighth Circuit prior to filing the instant § 2255 motion with this Court. 28 U.S.C. § 2255(h). Defendant has not

received such authorization. Accordingly, the instant motion must be dismissed for lack of jurisdiction. See, e.g., Boykin v. United States, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. 2000).

### B.     Relief under 28 U.S.C. § 2241

In the alternative, Defendant characterizes his motion as a motion under § 2241.

> The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence. Prisoners are entitled to administrative review of the computation of their credits, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241.

United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) (citations omitted).

A § 2241 petition in such a case must be filed in the district in which the petitioner is incarcerated. United States v. Chacon-Vega, 262 F. App'x 730, 731 (8th Cir. 2008). In this case, Defendant is incarcerated at FCI Pekin, located in Pekin, Illinois, which is in the Central District of Illinois. Thus, this Court has no jurisdiction to consider a motion filed under § 2241, and the motion must be dismissed.

### C.     Request for Modification

4

To the extent that Defendant requests that the Court simply modify his sentence, this Court has no jurisdiction to do so because more than fourteen days have passed since the date of Defendant's sentencing.  See Fed. R. Crim. P. 35; United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000).

## IV.   CERTIFICATE OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant Deon Dimitri McGhee's Motion to Alter Judgment of Sentence [Docket No. 533] is **DENIED**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  April 8, 2016              s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court